The document below is hereby signed.

Signed: July 10, 2020



*S. Martin Teel, Jr.*
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

```
In re                              )
                                   )
BENJAMIN KEVIN DORSEY,              )    Case No. 20-00146
                                   )    (Chapter 13)
              Debtor.              )    Not for publication in
                                   )    West's Bankruptcy Reporter
```

MEMORANDUM DECISION RE TRUSTEE'S MOTION TO DISMISS CASE

The Chapter 13 trustee has moved to dismiss this case for various reasons, including the debtor's failure to comply with a court order to file schedules and other documents required by 11 U.S.C. § 521(a)(1); the debtor's failure to file a plan; and the debtor's failure to make plan payments.  The debtor opposed the motion, pointing to difficulties in preparing documents in light of the COVID-19 pandemic, and asked for an extension until June 30, 2020, to file required documents.  None of the required documents were filed by June 30, 2020.  The debtor's opposition does not establish grounds for denying the motion to dismiss.

This case has been pending since March 10, 2020.  It is now 122 days later, with none of the documents required by § 521(a)(1) having been filed.  Under 11 U.S.C. § 521(i)(1), this

case became subject to automatic dismissal when the debtor failed to file the documents required by § 521(a)(1) within 45 days after the commencement of the case. Under § 521(i)(3), the court could have granted the debtor no more than an additional 45 days to file the documents, and the case is well past 90 days after it commenced. Even though the trustee did not invoke § 521(i), cause would exist under LBR 1017-2(b) to permit a motion to dismiss under § 521(i) at this time. In any event, § 521(i) evidences that allowing this case to remain pending would be contrary to Congressional intent.

The debtor has not even filed a plan, yet he was able to file oppositions to motions for relief from the automatic stay and an opposition to the trustee's motion to dismiss. And the debtor's opposition does not deny that he has failed to make any plan payments.

In short, after the passage of 122 days, the case is "dead in the water," making no progress towards being ready to have a plan confirmed. While ordinarily the court would hold a hearing when a motion to dismiss has been opposed, the debtor's having allowed the case to become subject to automatic dismissal (even if no party has specifically invoked § 521(i)); the debtor's failure to file documents by even the requested extended date of June 30, 2020; the debtor's failure to file a plan and make plan payments; and the clear prejudice to creditors warrants granting

the motion to dismiss without a hearing.  An order follows.

[Signed and dated above.]

Copies to: Debtor; Recipients of e-notification of orders.

R:\Common\TeelSMT\Judge Temp Docs\Dorsey (Benjamin Kevin) - Dismiss Case_v2.wpd